UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.B.,<br><br>                Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                Defendant. | Case No. 2:19-cv-02905-SHK<br><br>OPINION AND ORDER |

Plaintiff V.B.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

## I. BACKGROUND

Plaintiff filed applications for DIB and SSI on October 21, 2015, alleging disability beginning on July 1, 2011. Transcript ("Tr.") 235-51.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on March 16, 2018, ALJ Mary L. Everstine determined that Plaintiff was not disabled. Tr. 17-28. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on October 25, 2018. Tr. 7-11. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the

---

[2] Certified copies of the Administrative Record were filed on September 11, 2019, and October 11, 2019. Electronic Case Filing Numbers ("ECF Nos.") 16, 19. The First Administrative Record was withdrawn on the same day it was filed. See ECF No, 17. Citations will be made to the second Administrative Record filed on October 11, 2019 [ECF No. 19], or the Transcript page number rather than the ECF page number—with the exception of the Joint Stipulation.

Court] may not engage in second-guessing.") (citation omitted). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps."

Tackett, 180 F.3d at 1098; 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB or SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[3]
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB or SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four

---

[3] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB or SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See id.

Id. at 1098-99.

### B. Summary Of ALJ's Findings

Before examining Plaintiff's claims under the above discussed five-step sequential evaluation process, the ALJ analyzed whether res judicata applied to Plaintiff's instant claim.[4] In so considering, the ALJ first noted that "[Plaintiff]

---

[4] "The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). Further, a binding determination of nondisability at the ALJ or Appeals Council level "creates a presumption that the claimant continued to be able to work after that date." Lester v. Chater, 81 F.3d 821, 827-28 (9th Cir. 1996) (internal quotation marks omitted). Thus, "in order to overcome the presumption of continuing nondisability arising from the first [ALJ's] findings on nondisability, [a claimant] must prove changed circumstances indicating a greater disability." Chavez, 844 F.2d at 693 (internal quotation marks omitted). Changed circumstances can include "[a]n increase in the severity of the claimant's impairment[,]" the alleged existence of a new impairment not previously considered, or "a

5

filed the concurrent [DIB and SSI] applications on October 21, 2015. These applications were initially denied on February 25, 2016[,] and upon reconsideration on June 14, 2016." Tr. 20. The ALJ next noted that "[i]n the current application, [Plaintiff] alleges an onset date of July 1, 2011." Id. The ALJ observed that Plaintiff "filed a prior [DIB] application on October 18, 2011 and a prior [SSI] application on January 31, 2012, in both applications [Plaintiff] alleged an onset date of June 30, 2011." Id. The ALJ noted that "[t]hese applications were initially denied on July 31, 2012[,] and upon reconsideration on November 5, 2012; and, subsequently denied via an [ALJ] Decision on December 23, 2013." Id.

The ALJ found that "[t]he prior denial involved the same issues, facts, and time period as the current application, up until December 23, 2013." Id. The ALJ also found that Plaintiff's "current application for disability benefits is denied through December 23, 2013 because of the doctrine of res judicata." Id. The ALJ added that "[t]he doctrine of res judicata is applicable where the Administration has previously issued a final and binding decision[,] and the facts and issues in the subsequent claims are the same." Id. The ALJ found that "[t]his is the case in this matter" because Plaintiff "has not submitted any new and material evidence for the period of July 1, 2011 through December 23, 2013." Id. The ALJ found that "[s]ince there has been a previous determination with respect to the same facts and issues, the prior denial is affirmed based on the doctrine of res judicata." Id.

Having concluded that res judicata applied in the instant case, the ALJ next turned to the five-step sequential evaluation process and determined first that Plaintiff "meets the insured status requirements of the . . . Act through December 31, 2016." Id. The ALJ then found at step one, that "[Plaintiff] has not engaged in [SGA] since July 1, 2011, the alleged onset date (20 C.F.R. 404.1571 et seq. and 416.971 et seq.)." Tr. 21. At step two, the ALJ found that "[Plaintiff] has the

---

change in the claimant's age category, as defined in the Medical–Vocational Guidelines." Lester, 81 F.3d at 827.

6

following severe impairments: L5-S1 degenerative disc narrowing [and] C5-6 degenerative narrowing with spondylosis (20 CFR 404.1520(c) and 416.920(c))." Id. At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 23.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except [Plaintiff] is further limited to occasional climb, balance, stoop, kneel, crouch and crawl; occasional reach, handle, finger, feel bilaterally; no concentrated exposure to excessive noise; no concentrated exposure to dust, gas, fumes, respiratory irritants; and, no working at unprotected heights or operation of hazardous machinery."

Id. The ALJ then found, at step four, that "[Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965)." Tr. 26.

In preparation for step five, the ALJ noted that "[Plaintiff] was born on October 7, 1969[,] and was 41 years old, which is defined as a younger individual age 18-49 on the alleged disability onset date (20 CFR 404.1563 and 416.963)." Tr. 27. The ALJ observed that "[Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964)." Id. The ALJ then added that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)." Id.

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a),

7

416.969, and 416.969(a)).'' Id. Specifically, the ALJ found that Plaintiff could perform the "light, unskilled" occupations of "furniture rental clerk" as defined in the Dictionary of Occupational Titles ("DOT") at DOT 295.357-018 and "usher" at DOT 344.677-014. Tr. 28. The ALJ based his decision that Plaintiff could perform the aforementioned occupations "on the testimony of the [VE]" from the administrative hearing, after "determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT]." Id.

After finding that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the ALJ concluded that "[a] finding of not disabled is . . . appropriate under the framework of the above-cited rule." Id. (internal quotation marks omitted). The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, from July 1, 2011, through [March 16, 2018], the date of th[e] decision (20 CFR 404.1520(g) and 416.920(g))." Id.

### C. Issues Presented

In this appeal, Plaintiff raises four issues, whether: (1) "the ALJ's step two, RFC, and step five findings contain legal errors and are not supported by substantial evidence"; (2) "the ALJ failed to fully develop the record by failing to obtain all updated medical evidence and violated Plaintiff's due process rights by not affording her the opportunity to cross-examine the [VE]"; (3) "the ALJ improperly assessed and rejected the opinions of [her] examining psychologist"; and (4) "the ALJ improperly rejected [the] testimony of Plaintiff." ECF No. 20, Joint Stip. at 2 (capitalization normalized). Here, the Court finds Plaintiff's third issue is dispositive and, thus, addresses it below.

### D. Court's Consideration Of The Third Issue

#### 1. Parties' Arguments

Plaintiff argues that the ALJ erred by failing to provide specific and legitimate reasons for rejecting the opinion of her examining psychologist Gary D.

8

Bartell, M.D. Id. at 24. Specifically, Plaintiff argues that the ALJ's reliance on the State Agency doctors' opinions was misplaced because both doctors "inaccurately interpreted Dr. Bartell's opinions as documenting 'mild' functioning limitations, rather than accurately noting that he opined that [P]laintiff had moderate limitations in 7 separate areas of work functioning" and their "inaccurate characterization of the record cannot serve as substantial evidence to support the ALJ's finding." Id. (citation and internal quotation marks omitted). Plaintiff adds that "the ALJ's assertion that Dr. Bartell relied on [P]laintiff's subjective complaints rather than objective findings is [also] inaccurate, as Dr. Bartell's mental status examination" revealed objective evidence that the ALJ did not consider. Id.

Defendant responds that "the ALJ properly evaluated" Dr. Bartell's opinion because "[a]side from exhibiting anxiety, Plaintiff's examination results were generally normal." Id. at 27 (citing Tr. 416-20). Defendant adds that "the ALJ found that the opinions of the State agency physicians, B. Smith, M.D., and H. Amado M.D., were more consistent with the record" and that these doctors' "conflicting opinions are specific and legitimate reasons for giving little weight to Dr. Bartell's limitations." Id. at 27-28 (citing Tr. 22, 119-20, 147-48).

### 2. Dr. Bartell's Opinion

On January 23, 2016, Dr. Bartell performed a consultative psychiatric evaluation of Plaintiff and noted the following information. Tr. 416-20. Plaintiff presented with chief complaints of anxiety, panic, and depression. Tr. 416. In reviewing Plaintiff's records, Dr. Bartell observed evidence of: attention deficit hyperactivity disorder ("ADHD"); posttraumatic stress disorder ("PTSD"); anxiety; and panic attacks. Id. Dr. Bartell noted that Plaintiff stated her PTSD symptoms began when she was nine years old after "she saw a man 'shot dead when we were kids'" and that she also "developed anxiety from this" and "still has flashbacks." Id. Dr. Bartell noted that Plaintiff reportedly had previously

"been treated by her family physician with Zoloft for [her] anxiety" and had attended "a couple of counseling sessions." Tr. 417. Dr. Bartell noted that Plaintiff reportedly "cri[ed] every two days[,]" had "suicidal thinking" that she did not act upon because she "d[id]n't want to hurt everyone around [her,]" and that Plaintiff "feels guilty and worthless." Id. Dr. Bartell noted that Plaintiff reportedly had "panic attacks every couple of days" whenever "she gets called or there is a knock on the door." Id.

Upon performing a "mental status examination" of Plaintiff, Dr. Bartell noted, in pertinent part, that Plaintiff's "nails were bitten short[,]" she "was anxious throughout the interview with easy crying with a mild degree of construction throughout[,]" and that Plaintiff "described her mood as 'sad, stuff constantly going on.'" Tr. 418. Dr. Bartell noted that although Plaintiff knew that Obama was the president, "she did not know the president of Russia" and "[s]he still thought the Governor may have been Schwarzenegger." Tr. 419.

Dr. Bartell diagnosed Plaintiff with PTSD with anxiety and persistent depressive disorder, noted her "long history of chronic anxiety[,]" and opined that "[i]t is unlikely [Plaintiff] will improve significantly over the next year." Id. Dr. Bartell then assessed that Plaintiff is "moderately impaired" by her "anxiety and depression" in her abilities to:

- "perform detailed and complex tasks";
- "accept instructions from supervisors";
- "interact with coworkers and the public";
- "perform work activities consistently without special instruction":
- "maintain regular attendance in the workplace"[5];
- "complete a normal workday without interruptions from her psychiatric condition"; and

---

[5] Dr. Bartell opined that Plaintiff's "low energy level" contributed to this limitation. Tr. 420.

10

- "deal with the usual stresses of the workplace[.]"

Tr. 419-20. Dr. Bartell also opined that Plaintiff was "mildly impaired" in her "ability to perform simple and repetitive tasks" "by her anxiety and depression." Tr. 419.

### 3. ALJ's Consideration Of Dr. Bartell's Opinion

The ALJ gave Dr. Bartell's opinion regarding Plaintiff's "moderate mental limitations" "little weight as not supported by [the] objective record and based on a one-time examination consisting of subjective complaints, based upon supportability with medical signs and laboratory findings, consistency with the record, and areas of specialization (SSR 96-4p)." Tr. 22. Moreover, the ALJ specifically "fully credit[ed] the State Agency reviewing psychiatrists' medical opinions . . . over [Dr. Bartell's opinion]." Id. (citing Tr. 114-38, 141-68).

### 4. State Agency Reviewing Doctors' Opinions

Because the ALJ specifically credited the opinions of State Agency reviewing psychiatrists, Drs. Smith and Amado, over the opinion of Dr. Bartell, the Court includes a brief discussion of these doctors' opinions here.

On February 25, 2016, Dr. Smith opined that there was "[n]o material change since [the prior] ALJ['s] decision" in Plaintiff's "medical circumstances[,]" that "Chavez" therefore applies here, and that the RFC from the ALJ's previous unfavorable decision "is the maximum [RFC]" Plaintiff has now "consistent with the ALJ or AC (not necessarily an independent assessment) of 12/23/13." Tr. 119. In reaching this conclusion, Dr. Smith observed, in relevant part, that Dr. Bartell diagnosed Plaintiff with PTSD and assessed "mild functional limitations." Id. Moreover, Dr. Smith gave "great weight" to Dr. Bartell's opinion because of its "recency," Dr. Bartell's "specialty," and because Dr. Bartell's opinion was "supported" by the record. Tr. 121.

On June 13, 2016, Dr. Amado observed that "no new psych[iatric] conditions or treatment sources are identified" since the previous ALJ's decision

11

1 and, therefore, Dr. Amado opined that "affirmation is in order, which would
2 indirectly apply Chavez . . . and thereby adopt the unfavorable ALJ decision of
3 12/23/13 which remains applicable to the concurrent claim." Tr. 149
4 (capitalization normalized and underlining added). Dr. Amado opined that Dr.
5 Bartell's opinion was due "great weight" for the same reasons provided by Dr.
6 Smith; namely, its "recency," Dr. Bartell's "specialty," and because Dr. Bartell's
7 opinion was "supported" by the record. Id.

### 5. Standard To Review ALJ's Analysis Of Medical Opinion

There are three types of medical opinions in Social Security cases: those from treating physicians, examining physicians, and non-examining physicians. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Id. (citing 20 C.F.R. § 404.1527(c)(2)–(6)).

"'To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.'" Id. (quoting Ryan v. Comm'r Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008)). "This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting Moore v. Comm'r Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)).

"'If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" Trevizo, 871 F.3d at 675 (quoting Ryan, 528 F.3d at 1198). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" Garrison, 759 F.3d at 1012 (quoting Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007)). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Trevizo, 871 F.3d at 675 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

### 6. ALJ's Decision Is Not Supported By Substantial Evidence

Here, as an initial matter, the Court observes that the ALJ found Dr. Bartell's opinion was contradicted by the opinions of the State Agency doctors. Therefore, the specific and legitimate standard applies here. The Court finds, however, that the ALJ's rejection of Dr. Bartell's opinion fails to meet even this lower standard of review for the following reasons.

First, the ALJ's conclusory statement that Dr. Bartell's opinion is not consistent with the record generally, without providing an explanation or interpretation of how the record is inconsistent with Dr. Bartell's opinion, does not amount to a specific and legitimate reason for discrediting Dr. Bartell's opinion. See Garrison, 759 F.3d at 1012 ("The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctor's, are correct."); see also id. at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Second, the Court rejects Defendant's assertion that the ALJ found Dr. Bartell's examination findings were "generally normal" because the ALJ did not make this finding and the Court cannot affirm the ALJ's decision on grounds not raised by the ALJ. ECF No. 20, Joint Stip. at 27; see Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (the Court cannot affirm the ALJ's decision on grounds not invoked by the Commissioner) (citation omitted).

Third, even if the ALJ had found that Dr. Bartell's examination findings were generally normal as Defendant argues, such a finding is contradicted by evidence not considered or discussed by the ALJ. Specifically, the ALJ failed to consider or discuss Dr. Bartell's observations that: (1) Plaintiff presented to her examination with her nails bitten short; (2) Plaintiff was sad and anxious and cried easily throughout the interview; and (3) Plaintiff did not know who the governor of California or the president of Russia was. Tr. 418-19. Further, the ALJ failed to consider that Dr. Bartell diagnosed Plaintiff with PTSD with anxiety and persistent depressive disorder, noted Plaintiff's "long history of chronic anxiety[,]" and opined that "[i]t is unlikely [Plaintiff] will improve significantly over the next year." Id. Thus, because the ALJ failed to consider or discuss the aforementioned observations and findings, the Court rejects Defendant's assertion that Dr. Bartell's examination findings were generally normal. See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding that an ALJ cannot selectively rely on some entries in a plaintiff's records, while ignoring others).

Finally, the ALJ's preference for the State Agency Doctors' contradictory opinions was not a specific and legitimate reason to reject Dr. Bartell's opinion for two reasons. First, Dr. Smith's opinion, which the ALJ explicitly accepted over Dr. Bartell's opinion, is not supported by the record. Specifically, Dr. Smith observed only that Dr. Bartell diagnosed Plaintiff with PTSD but ignored the fact that Dr. Bartell also diagnosed Plaintiff with persistent depressive disorder, and that Plaintiff had PTSD "with anxiety." Tr. 119, 419. Moreover, Dr. Smith noted

14

twice in his opinion that Dr. Bartell assessed Plaintiff as having only "mild functional limitations," while Dr. Bartell opined that Plaintiff has one mild functional limitation and seven moderate functional limitations. Tr. 119, 419-20 (capitalization normalized). Thus, Dr. Smith's opinion is not supported by substantial evidence because he understated the diagnoses and limitations endorsed by Dr. Bartell and, therefore, the ALJ's preference for Dr. Smith's unsupported opinion was not a specific and legitimate reason to reject Dr. Bartell's opinion.

Second, both State Agency doctors opined that Dr. Bartell's opinion was due great weight, that res judicata should apply to the prior ALJ's RFC finding, and that the prior ALJ's RFC finding should be adopted here. Tr. 119, 149. The ALJ, however, did not give Dr. Bartell's opinion great weight and she also did not adopt the mental limitations set forth in the prior ALJ's RFC finding. Specifically, the prior ALJ included a limitation in Plaintiff's RFC that Plaintiff "is limited to simple, routine tasks, and has a fair ability to understand and remember detailed instructions." Tr. 104. Here, the ALJ's RFC included no such limitation and the ALJ rejected Dr. Bartell's opinion. Thus, the contradictory opinions of the State Agency doctors—which, the ALJ ultimately also implicitly rejected by not following without explanation or comment—was not a specific and legitimate reason to reject Dr. Bartell's opinion.

Accordingly, because the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Bartell's opinion, the Court finds that the ALJ's decision was not supported by substantial evidence and that remand for further proceedings is appropriate here so that the ALJ may reassess the weight due to Dr. Bartell's opinion. Moreover, on remand, the Commissioner shall explain why, after "fully crediting" the State Agency doctors' opinions, their recommendations that Dr. Bartell's opinion be accorded great weight and that the functional limitations from the prior ALJ's RFC be incorporated into Plaintiff's instant RFC should not be followed. Tr. 22.

Because the Court remands as to the aforementioned issue, it does not reach Plaintiff's remaining assignments of error.

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.

DATED: 04/3/2020

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge